| | |
|---|---|
| DISTRICT COURT FOR JEFFERSON COUNTY, COLORADO<br>Court Address:<br>100 Jefferson County Pkwy<br>Golden, CO 80401 | DATE FILED<br>May 8, 2026 3:54 PM<br>FILING ID: E6156919CF39F<br>CASE NUMBER: 2026CV30810 |
| Plaintiff: ROBERTA MICHELLE CHANDLER, an individual<br><br>v.<br><br>Defendant: NORDSTROM, INC., a Delaware corporation | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br><br>John Clune, #27684<br>Christopher Ford, #28632<br>Ashlyn Hare, #59310<br>Hutchinson Black and Cook, LLC<br>921 Walnut Street, Suite 200<br>Boulder, CO 80302<br>(303) 442-6514<br>john.clune@hbcboulder.com<br>chris.ford@hbcboulder.com<br>ashlyn.hare@hbcboulder.com | Case Number:<br><br>Courtroom/Division: |

### COMPLAINT AND JURY DEMAND

Plaintiff Roberta Michelle Chandler, aka "Michelle Chandler", through her attorneys, Hutchinson Black and Cook, LLC, files her Complaint and Jury Demand and avers as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action to recover damages for personal injuries arising from the Defendant's failure to exercise reasonable care at its property by allowing an individual to covertly record intimate videos of patrons in Defendant's fitting rooms.

2. Plaintiff is a resident of Aurora, Colorado.

1

4919-6918-0585, v. 1

**EXHIBIT A**

3. Defendant Nordstrom, Inc., is a Delaware corporation with a principal place of business in Seattle, Washington.

4. Defendant Nordstrom, Inc., owns and operates retail clothing stores known "Nordstrom Rack", including the Nordstrom Rack store located at 393 S Vance Street, Lakewood, Colorado 80226 (the "Property").

5. This Court has jurisdiction over all matters set forth herein pursuant to Colo. Rev. Stat. § 13-1-124(b).

6. Venue is proper pursuant to C.R.C.P. 98(c)(2) because the event giving rise to this action occurred in Jefferson County, Colorado.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates the proceeding paragraphs as if fully set forth herein.

8. On May 11, 2024, Plaintiff was trying on clothing in the fitting rooms of the Property operated by Defendant Nordstrom, Inc., when she discovered a male individual recording her beneath the partition wall of an adjacent stall.

9. Plaintiff confronted the individual with the assistance of store employees and restrained him from leaving.

10. Management at the store directed their employees to release the suspect.

11. Plaintiff then by herself restrained the individual until law enforcement officers from Lakewood Police Department arrived on scene.

12. According to the police report, a forensic review of the offender's phone identified five video files recorded from within the fitting rooms depicting women in various states of undress, including at least one video of the Plaintiff.

13. The individual admitted to using his cell phone to record women changing in the fitting room for his sexual gratification and was cited for invasion-of-privacy offenses under applicable Colorado statutes. He was later prosecuted and convicted of that crime.

14. According to the time stamps on the video footage, the individual was present in the fitting room, making these illegal recordings, for a period of over one hour and forty minutes.

15. No employees from the store ever asked him to leave the fitting room or even inquired as to why he was in a fitting room for such an inordinate amount of time.

16. Upon information and belief, the fitting rooms at the Property were not monitored for safety by store employees while the individual was in the fitting room.

2

17. Notably, the fitting rooms at the property were open to both men and women and also have significant gaps above and below the doors and walls, which suggests a heightened need for Defendant Nordstrom, Inc. to properly monitor and supervise the area.

18. Prior to these events, Defendant Nordstrom, Inc. had received multiple reports of men engaging in such voyeuristic digital recordings in its fitting rooms, including at the Property specifically.

19. Hidden recordings are a known risk in the retail industry and retailers are aware that customers possess a heightened expectation of privacy in fitting rooms.

20. As such, Defendant Nordstrom, Inc. knew or should have known that criminal or otherwise improper conduct of this very nature was reasonably foreseeable given its failure to monitor the fitting rooms for a substantial period of time.

21. Defendant failed to implement reasonable safeguards to protect against unlawful surveillance in the fitting rooms despite the well-known risk of voyeuristic conduct in the industry and its own stores.

22. As a direct and proximate cause of Defendant's failure to exercise reasonable care, Plaintiff suffered injuries, damages, and losses, both past and future, in an amount to be proven at trial, including, but not limited to economic losses for therapy expenses and mental pain and suffering, inconvenience, emotional stress, and impairment of her quality of life.

### FIRST CAUSE OF ACTION
### Colo. Rev. Stat. § 13-21-115 Premises Liability

23. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

24. At all relevant times, Plaintiff was an invitee under C.R.S. § 13-21-115.

25. At all relevant times, Defendant was a landowner under C.R.S. § 13-21-115 insofar as it was responsible for the condition of the Property and/or for the activities conducted on the Property.

26. Defendant failed to exercise reasonable care to protect Plaintiff against dangers which Defendant knew or should have known existed at the time Plaintiff was harmed.

27. Defendant's failure to exercise reasonable care under C.R.S. § 13-21-115 was a proximate cause of Plaintiff's injuries, damages, and losses as set forth in this Complaint.

28. The duty of care owed by the Defendant to the Plaintiff under C.R.S. § 13-21-115 is non-delegable.

3

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter a judgment in her favor and against Defendant Nordstrom, Inc., on the above claim and award her damages in amounts to be proven at trial to compensate Plaintiff fairly and justly for her injuries, damages, and losses, including:

A.  Economic damages for past and future therapy expenses;

B.  Non-economic damages for mental pain and suffering, inconvenience, emotional stress, and impairment of quality of life;

C.  Pre- and post-judgment interest as provided by Colorado law, including pursuant to Colo. Rev. Stat. § 13-21-101;

D.  Costs, including but not limited to court costs, deposition expenses, and expert witness fees, as provided under C.R.C.P. 54; and

E.  For all other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted this 8th day of May, 2026.

HUTCHINSON BLACK AND COOK, LLC

By:*/s/John C. Clune*

John Clune
Christopher Ford
Ashlyn Hare

Attorneys for Plaintiff Roberta Michelle Chandler

Plaintiff's address:
16849 E. Caley Circle
Aurora, CO 80016

4

4919-6918-0585, v. 1